**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,[1]<br><br>               Debtor. | Chapter 11 Case No.<br><br>Case No. 2-50073 (JAM) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>               Plaintiff,<br>v.<br><br>HO WAN KWOK, an individual,<br><br>               Defendant. | Adv. Proc. No. _____<br><br><br>June 20, 2022 |

**COMPLAINT**

Pursuant to section 523 of title 11 of the United States Code, (the "Bankruptcy Code"), Pacific Alliance Asia Opportunity Fund L.P. ("Plaintiff" or "PAX") files this complaint seeking a determination that certain debts due and owing to Plaintiff are non-dischargeable (the "Complaint"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a Cayman Islands limited partnership.

2. Ho Wan Kwok ("Kwok" or the "Debtor") is a debtor pursuant to Section 101(13) of the Bankruptcy Code. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition in this Court under chapter 11 of the Bankruptcy Code. The Debtor is an individual who alleges that he is a resident of the State of Connecticut, having an

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

1

address of 373 Taconic Road, Greenwich, CT 06831.  Upon information and belief, the Debtor is also a resident of the State of New York, with a residence at the address 781 Fifth Avenue, Unit 1801, New York, NY 10022.

3. As of the Petition Date, the Debtor owed PAX more than $261,000,000 (the "Claims"), which consists of (a) the prepetition judgment obtained by PAX against the Debtor, inclusive of post-judgment interest and costs, in the aggregate amount of at least $127,000,000 (the "Contract Claim") and (b) a $134,000,000 civil contempt fine resulting from Kwok's willful, brazen and prolonged contempt of court (the "Contempt Claim").[2]

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

5. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1409.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**PAX Prevails in the New York Breach of Contract Action**

7. As previously determined by a state court, PAX signed a loan agreement with a Kwok-related entity called Shiny Times over eleven years ago.  Kwok personally guaranteed the repayment of that loan (the "Personal Guarantee").  Despite multiple repayment extensions and PAX's numerous attempts to settle the debt, the debt subject to the Personal Guarantee was never repaid.

---

[2] PAX reserves the right to supplement any of the foregoing amounts with additional accrued interest, fees, or costs in accordance with applicable law.

8.     PAX sued Kwok in April 2017 in the Supreme Court of the State of New York, County of New York (the "New York Court") for the unpaid debt, asserting that Kwok's failure to honor the Personal Guarantee was a breach of contract.

9.     On September 15, 2020, the New York Court granted partial summary judgment in PAX's favor on the breach-of-contract claim (the "Summary Judgment Order"). On December 18, 2020, the New York Court awarded PAX "damages of $46,426,489.00 plus contractual interest pursuant to the 2011 Personal Guarantee at a rate of 15% per annum from effective date of December 31, 2010 and at the statutory rate of 9% per annum from the date of entry of this decision and order." The judgment was entered on February 3, 2021 as $116,402,019.57.[3]

**Post-Judgment Collection Efforts**

10.    On September 30, 2020, the New York Court entered a temporary restraining order preventing Kwok from, among other things, "interference with any property in which he has an interest." On October 15, 2020, the New York Court permanently (i) "restrained [Kwok] from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, whether directly or indirectly, and from paying over or otherwise disposing of any debt now due or thereafter coming due to him . . ."; and (ii) specifically restrained "Mr. Kwok and/or the registered owners of (1) the Residence at the Sherry-Netherland Hotel and (2) the yacht, 'the Lady May' . . . from making or causing any sale, assignment, transfer, or interference with those assets." The New York Court also held that PAX was entitled to post-judgment discovery of other assets that Kwok directly or indirectly owns.

---

[3] The Court also found that, under the terms of the Personal Guarantee, PAX is entitled to repayment of its legal fees in connection with enforcement of its rights thereunder, in an amount to be determined once the collection process was completed.

11. PAX spent more than a year pursuing discovery from Kwok and related entities in an attempt to identify assets to satisfy its nine-figure judgment. The New York Court recognized that "PAX encountered difficulty identifying assets over which Kwok exercised control because Kwok, who is a self-declared multi-billionaire, had secreted his assets in a maze of corporate entities and with family members. This scheme has enabled Kwok to assert that he has no assets despite his lavish lifestyle . . . ."

**Contempt Proceedings and Judgment**

12. Despite the New York Court's orders restraining Kwok and/or the registered owners of the Lady May from removing the yacht from the court's jurisdiction, the Lady May left New York on or around October 9, 2021. PAX moved for civil contempt, and the New York Court granted PAX's motion on March 16, 2021, ruling that:

> "it is clear that there has been an intolerable amount of gamesmanship, dissembling, and deceit in proceedings before this New York Court relating to the whereabouts and ownership of the yacht 'Lady May' . . . . Rather than catalogue the many 'shell games' defendant Kwok has engaged in with the assistance of counsel who should know better, [ . . . ] [f]or every day the yacht is outside the jurisdiction of this Court after May 15, 2021, defendant Kwok will be fined $500,000."

13. Kwok remained in contempt of the New York Court's March 16, 2021 order for 268 days. After that order was entered, he sought a stay pending appeal, but it was denied. Ultimately, the First Department affirmed the New York Court's order on November 4, 2021, finding that "[t]he motion court acted within its discretion in holding defendant in civil contempt, as plaintiff established by clear and convincing evidence that defendant violated a lawful, clear mandate of the court, of which he had knowledge, and that such violation resulted in prejudice to plaintiff's rights."

14. The First Department held that "the daily fine of $500,000.00 was intended to strongly encourage [Kwok] to purge himself of the contempt, which, despite being permitted to accomplish, he has shown no interest in doing."

15. The First Department also "instructed" the New York Court "to proceed with an evidentiary hearing to resolve a dispute as to ownership and control of the yacht."

16. Kwok then filed a Motion for Leave to Appeal to the Court of Appeals on December 3, 2021, which was denied by the First Department on January 20, 2022.

17. As instructed by the First Department, the New York Court held that evidentiary hearing on February 2, 2022. The New York Court heard testimony from seven witnesses, including Kwok's daughter, the purported owner of the Lady May. On February 9, 2022 the New York Court issued a final Order of Civil Contempt (the "<u>Yacht Contempt Order</u>"). The New York Court found that "Kwok exercised dominion and control over [] the Lady May" and that "[t]he testimony adduced at the hearing out of the mouths of defendants' witnesses clearly and convincingly demonstrated that Kwok beneficially owns and controls the Lady May and has utter contempt for this Court and the judicial process."

18. The New York Court further found that "Kwok has much more than a beneficial interest in the Lady May. Not only does Kwok control the yacht, it appears he provided the funds to purchase it and he is the person who principally enjoys the use of the yacht."

19. The New York Court imposed a $134 million fine, based on the "268 days," "[a]s of February 7, 2022," that "the Lady May ha[d] remained outside the jurisdiction of the Court." The New York Court ordered Kwok to remit the $134 million to PAX within five business days, noting that the Court would be "prepared to exercise its full authority Judiciary Law § 753," New York's civil contempt provision.

20. The Yacht Contempt Order stated that "if billionaire litigants can simultaneously seek to use Court process in New York and elsewhere in the United States while knowingly and intentionally violating Court orders, there is no rule of law."

21. On the same day the Yacht Contempt Order was issued, the Debtor publicly announced his intention to "start an all-out war with the PA[X]," as well as to flee the country.

22. On February 14, 2022, Kwok filed a notice of appeal of the Yacht Contempt Order and requested an emergency interim stay pending appeal. The Appellate Division, First Department denied Kwok's interim stay request the next day.

23. The evening before the contempt fine was due to be paid, Kwok filed this chapter 11 case.

## COUNT ONE

### (Nondischargeability Under Section 523(a)(6) of the Bankruptcy Code)

24. Plaintiffs incorporate by reference paragraphs 1 through 23 above inclusive, and each and every such paragraph by reference as if set forth in full herein.

25. The Debtor's conduct, as described above, with respect (and giving rise) to the Contempt Claim was (a) willful, in that the Debtor intended to cause harm to Plaintiff, (b) malicious, in that it was wrongful, done intentionally, necessarily caused injury, and was committed without cause or excuse, and (c) in fact, caused substantial injury to Plaintiff. Therefore, the Debtor's liability to Plaintiff for such conduct relating to the Contempt Claim should be determined to be non-dischargeable under section § 523(a)(6) of the Bankruptcy Code.

## **COUNT TWO**

### **(Nondischargeability Under Section 523(a)(7) of the Bankruptcy Code)**

26. Plaintiff incorporates by reference paragraphs 1 through 23 above inclusive, and each and every such paragraph by reference as if set forth in full herein.

27. PAX asserts that the Contempt Claim owed by the Debtor to the Plaintiff is nondischargeable under Section 523(a)(7) of the Bankruptcy Code. Courts have held that section 523(a)(7) is applicable where—as is the case here—a fine, penalty, or forfeiture payable has been imposed by a court (irrespective to whom the fine, penalty or forfeiture is paid) to vindicate the dignity and authority of the court and is not compensation for actual pecuniary loss. *See United States HUD v. Cost Control Mktg. & Sales Mgmt.*, 64 F.3d 920, 928 (4th Cir. 1995) ("[S]o long as the government's interest in enforcing a debt is penal, it makes no difference that injured persons may thereby receive compensation for pecuniary loss."); *In re Allison*, 176 B.R. 60, 64 (Bankr. S.D. Fla. 1994) (when awarded to vindicate the dignity of the court, "a fine or penalty need not be payable to a governmental entity in order to be for the benefit of a governmental agency."); *In re Winn*, 92 B.R. 938, 940 (Bankr. M.D. Fla. 1988) (daily contempt fine not payable to governmental unit was nondischargeable because it was "imposed as a penalty to vindicate the dignity and authority of the court"); *In re Marini*, 28 B.R. 262, 266 (Bankr. E.D.N.Y. 1983) (the fact that a contempt of court fine was owed directly to the plaintiff was not relevant to dischargeability under 11 U.S.C. § 523(a)(7)).

*[Remainder of page intentionally left blank.]*

## CONCLUSION

**WHEREFORE**, the Plaintiff respectfully requests that the Court:

(a) determine that the Contempt Claim is nondischargeable under section 523(a)(6) of the Bankruptcy Code;

(b) determine that the Contempt Claim is nondischargeable under section 523(a)(7) of the Bankruptcy Code; and

(c) grant any other or further relief as the Court deems just and proper.

Dated: June 20, 2022
     New York, New York

RESPECTFULLY SUBMITTED,
Pacific Alliance Asia Opportunity Fund L.P.

By: */s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
       asmith@rc.com

-and-

Peter Friedman
Stuart M. Sarnoff
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
      ssarnoff@omm.com